UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM B. HUNTER and
RHONDA K. HUNTER                                                                                           PLAINTIFFS

v.                                                                                    CIVIL ACTION NO. 3:12-CV-144

UNITED STATES OF AMERICA                                                                             DEFENDANT

## MEMORANDUM OPINION

In a *pro se* complaint filed in this court on March 19, 2012, Plaintiffs William B. Hunter and Rhonda K. Hunter brought this action against the United States of America. The same day that Plaintiffs filed their complaint, they also filed a motion for "this court to be a judicial court rather than an administrative court" (DN 3), which they amended on April 16, 2012 to a motion for this court to be a "common law court not an administrative court" (DN 7). On June 21, 2012, the United States of America moved to dismiss the claims (DN 11). Those motions are now before the court.

Although the allegations in Plaintiffs' initial complaint are somewhat difficult to discern, the court will relate them to the best of its abilities. Plaintiffs state that the Internal Revenue Service ("IRS") claims that they owe more than $100,000 in taxes. Supposedly, the IRS issued a notice of a tax levy to Plaintiffs. On January 11, 2006, Plaintiffs had a "Collection Due Process hearing" via telephone with Linda Pannell, an IRS Settlement Officer. Plaintiffs describe the hearing as "unfruitful." On July 15, 2006, the IRS sent a notice of levy to Plaintiff William Hunter's employer, the University of Louisville ("UofL"), alleging that he owed a "1040A tax" in the amount of $41,250.45. UofL began garnishing his wages. On November 17, 2008, the IRS sent another notice

of levy to UofL alleging that Plaintiffs owed a "1040 tax" in the amount of $60,286.37; UofL began to garnish Plaintiff Rhonda Hunter's wages. On February 28, 2011, Plaintiffs allegedly "filed a claim with the District Director, Internal Revenue Service, demanding a certificate of release of levy and requesting refund of all wrongfully levied earnings."

Plaintiffs then brought this action claiming that the levies were "unauthorized, wrongful and unenforceable." In the initial complaint, Plaintiffs identified 26 U.S.C. §§ 7426 and 7433 and the Fourth and Fifth Amendments to the Constitution as the source of their claims. Plaintiffs' complaint is otherwise divided into sections that mostly consist of legal citations and quotations. Those sections are entitled Jurisdiction, Liability, Assessment, Notice and Demand, Levy Form 668-B, Lien Foreclosure Suit, and Notice of Seizure. As far as the court can tell, Plaintiffs argue that the following reasons precluded the United States from issuing the levies: the United States was without jurisdiction to issue the levies because it could only do so pursuant to "admiralty jurisdiction," to which Plaintiffs were not subject; Plaintiffs are not liable for the taxes in the levies (although the underlying reason why is not explained); Plaintiffs issued Freedom of Information Act ("FOIA") requests for various documents that Plaintiffs believe were required for the IRS to impose levies or assess taxes – namely, signed assessments for certain tax years, copies of notices and demands for payment, Levy Form 668-B, and notices of seizure – but the requests did not turn up such documents; and there was no court order authorizing UofL to garnish Plaintiffs' wages for the IRS.

The United States moved to dismiss the complaint for failure to state a claim. The Plaintiffs filed a response to the motion and also filed an amended complaint in which they added a claim under 26 U.S.C. § 7422. The United States did not file a reply, nor has the United States filed any sort of motion or responsive pleading relating to the amended complaint.

In the motion to dismiss the claims in the initial complaint, the United States first argues that the claims under 26 U.S.C. § 7426 must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The government contends that 26 U.S.C. § 7426 did not waive the United States' sovereign immunity for this action. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* A waiver of sovereign immunity must be "unequivoically expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992).

26 U.S.C. § 7426 is entitled "Civil actions by persons other than taxpayers." Subsection (a)(1) of the statute provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

In other words, 26 U.S.C. § 7426 only allows for claims of wrongful levies by third parties, not by the parties against whom the taxes were assessed. Plaintiffs' complaint makes clear that they were the persons against whom the taxes out of which the levies arose were assessed. Accordingly, 26 U.S.C. § 7426 does not constitute a waiver of the United States' sovereign immunity as to Plaintiffs' claim. Any claims under that statute will therefore be dismissed.[1]

The United States next argues that the claims under 26 U.S.C. § 7433 must be dismissed for failure to state a claim. The United States argues that Plaintiffs' complaint is so vague and

---

[1] Alternatively, the complaint fails to state a claim as to 26 U.S.C. § 7426, for the same reason that the statute fails to waive the United States' sovereign immunity as to Plaintiffs' claim: the complaint makes clear that the Plaintiffs were the persons against whom the tax was assessed.

unintelligible as to fail Federal Rule of Civil Procedure 8(a), which requires that a claim for relief contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks ommitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide more than "labels and conclusions," *Twombly*, 550 U.S. at 555, or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Accordingly, a court considering a motion to dismiss can begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

26 U.S.C. § 7433 provides, "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States." Thus, to state a claim under that section, a plaintiff must identify the precise statutory provisions or regulations that an IRS officer or employee violated.

Keeping in mind that *pro se* complaints are to be held to less stringent standards than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court turns to the plaintiffs' complaint. As noted above, the complaint is divided into sections with theories as to why the levies against their wages were improper; the court will examine each section in turn. The first section, Jurisdiction, appears to set forth a confusing argument that the IRS has only admiralty jurisdiction to issue the levies but the plaintiffs are not subject to admiralty jurisdiction. It does not specify any statute or regulation that an IRS officer or employee allegedly violated in connection with the collection of a tax. Thus, the complaint fails to state a claim under that section.

The second section, Liability, simply states that the plaintiffs are not liable for the taxes in the Notice of Levy. Any claim in that section must fail under § 7433 for the failure of the plaintiffs to plead how an IRS officer or employee disregarded a statute or regulation in collecting the tax. *See Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) (taxpayer cannot seek damages under § 7433 for improper assessment of damages, only for improper collection); *Stewart v. United States*, 578 F. Supp. 2d 30, 33-34 (D.D.C. 2008) (same). Likewise, the third section, Assessment, puts forth an argument that the taxes were improperly assessed; that is insufficient to state a claim under § 7433. *Shaw*, 20 F.3d at 184; *Stewart*, 578 F. Supp. 2d at 33-34.

However, the court finds that in the fourth section, Notice and Demand, the plaintiffs' complaint contains sufficient allegations to state a claim. That section identifies a relevant statute, 26 U.S.C. § 6303, which provides, "[T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax . . . , give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." That statute is one that pertains to the collection of taxes. *See Kim v. United States*, 632 F.3d 713, 716-717 (D.C.Cir. 2011) (concluding that provision of notice of assessment is a collection activity). And the plaintiffs' factual allegations,

although minimal and inartfully worded, allow for the reasonable inference that the statute was violated. The plaintiffs' complaint states that they "have never seen any evidence of a notice and demand for payment," and that the IRS's response to the plaintiffs' FOIA request for notice and demand for payments was that it did not maintain copies of those notices. While the fact that the FOIA request produced no copies of the notices is meaningless, the allegation that the plaintiffs had not seen evidence of a notice and demand for payment allows for the inference that the notice and demand was not provided, whether intentionally or negligently.

The fifth section, entitled Levy Form 668-B, alleges that the plaintiffs never received the eponymous form and that the IRS stated in response to the plaintiffs' FOIA request that it did not find any documents responsive to the plaintiffs' request for copies of Levy Form 668-B. However, the plaintiffs do not identify any particular statute that requires the issuance of that particular form. While the plaintiffs do cite to 26 U.S.C. § 6331, that statute, even to the extent that it requires certain notices of levies to be provided to taxpayers, does not specify that the IRS is required to use a particular Levy Form 668-B to provide the notice. Thus, the factual allegation that the plaintiffs' did not receive a Levy Form 668-B fails to state a claim.

Next, in the sixth section, entitled Lien Foreclosure Suit, the plaintiffs allege that they "have seen no evidence of any court order[] which authorizes the University to levy, i.e. seize, their earnings and turn them over to the Internal Revenue Service." The plaintiffs cite statutes concerning the use of judicial actions to enforce forfeitures or liens, but the allegations in the complaint state that the IRS levied the plaintiffs' wages, not that the IRS sought to enforce a forfeiture or lien. The plaintiffs do not identify any statute or regulation requiring a court order prior to issuing a levy; indeed, 26 U.S.C. § 6331 expressly contemplates the IRS imposing a levy on wages for unpaid taxes

without a court order, so long as certain other requirements have been met. Accordingly, the allegation that there is no court order authorizing the levies fails to state a claim.

Lastly, in the seventh section, Notice of Seizure, the plaintiffs state that they "have seen no evidence of a notice of seizure." The plaintiffs cite to 26 U.S.C. § 6335(a). Section 6335(a) requires that the IRS provide notices of seized property in writing to the owner of the property as soon as practicable after the property has been seized. The United States having put forth no contention that the plaintiffs were not entitled to a notice of seizure once their wages were levied, the court will decline to dismiss the claim that the plaintiffs did not receive such a notice.

The United States also argues that the plaintiffs' claims under 26 U.S.C. § 7433 must be dismissed for failure to plead exhaustion of administrative remedies. 26 U.S.C. § 7433(d)(1) states that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." The United States appears to suggest that exhaustion of administrative remedies is a jurisdictional requisite, as the United States takes the position that sovereign immunity has only been waived for claims under § 7433 that were administratively exhausted first. However, the Sixth Circuit rejected the argument that the failure to exhaust administrative remedies is a jurisdictional defect. *Hoogerheide v. IRS*, 637 F.3d 634, 636-639 (6th Cir. 2011).

Moreover, in concluding that the exhaustion requirement was not a jurisdictional requirement, the Sixth Circuit noted that an exhaustion requirement is typically treated as an affirmative defense. *Hoogerheide v. IRS*, 637 F.3d at 638. Based on that rationale, the D.C. Circuit, in *Kim*, 632 F.3d at 718-719, found that exhaustion was not a pleading requirement under § 7433. Thus, the D.C. Circuit found that the plaintiffs' claim in that case was improperly dismissed for failure to exhaust remedies on a 12(b)(6) motion, at least where the failure to exhaust was not

apparent on the face of the pleadings. *Id.* at 719. By contrast, in *Hoogerheide*, the Sixth Circuit found that dismissal of the § 7433 claim for failure to exhaust administrative remedies was warranted. 637 F.3d at 639. But in that case, the relevant letters revealing the plaintiff's failure to comply with the applicable exhaustion requirements were attached to the complaint and incorporated by it. *Id.* Thus, in *Hoogerheide*, it was apparent from the face of the complaint that the plaintiff had not sufficiently exhausted his administrative remedies.

The IRS regulations for filing an administrative claim are detailed. The claim must be "sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e). It must include a number of items, such as identification and contact information for the taxpayer making the claim, the grounds for the claim, and the amount of the claim. *Id.* In this case, the complaint alleges that the "plaintiffs filed a claim with the District Director, Internal Revenue Service, demanding a certificate of release of levy and requesting a refund of all wrongfully levied earnings." While the allegations are not specific, *Kim* and *Hoogerheide* suggest that a plaintiff need not plead exhaustion of administrative remedies at all because it is an affirmative defense. And while the court can dismiss for failure to exhaust if it is clear from the complaint that the plaintiff did not exhaust administrative remedies, the court cannot confidently state that it is clear in this case that the plaintiffs did not comply with the IRS regulations in a manner sufficient to have administratively exhausted their claims. Thus, the claims will not be dismissed for failure to exhaust administrative remedies.

Lastly on the subject of the motion to dismiss, the Plaintiffs' appear to bring constitutional claims against the government. While the nature of those claims is not fleshed out and there appear to be no specific factual allegations supporting them, the United States chose not to advance any

particularized arguments concerning those claims in its motion to dismiss. Accordingly, the United States' motion to dismiss will be denied as to the constitutional claims.

Having resolved the motion to dismiss, the court notes that when the plaintiffs filed their response to the United States' motion to dismiss, they also filed an amended complaint that appears to add a claim pursuant to 26 U.S.C. § 7422. The United States has not filed any papers addressing that claim. Thus, at this time, that claim remains pending along with the claims for which the court denied the motion to dismiss.

Finally, the court turns to a motion filed by the plaintiffs. In the initial motion, the plaintiffs state that they "move this court to be a judicial court rather than an administrative court." The plaintiffs subsequently filed an amendment which states that the plaintiffs "move this court to be a common law court not an administrative court." The specific relief that the plaintiffs wish this court to grant them via the motion is unclear. The plaintiffs cite to no cases that elucidate what the nature of their motion is or what relief they would have the court grant. Accordingly, the motion for this court to be a judicial court will be denied.

In sum, the United States' motion to dismiss will be granted in part and denied in part as set forth above. The plaintiffs' motion for this court to be a judicial court will be denied. A separate order will be issued in accordance with this opinion.

```
cc:   Plaintiffs, pro se
      Counsel of Record
```