UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM B. HUNTER and
RHONDA K. HUNTER                                                         PLAINTIFFS

v.                                                                   NO. 3:12-CV-144-CRS

UNITED STATES OF AMERICA                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiffs William B. Hunter and Rhonda K. Hunter (hereinafter, "Plaintiffs") brought this suit against defendant United States of America (hereinafter, "United States") alleging several claims related to the collection and levy of income taxes. This court previously granted in part and denied in part the United States' motion to dismiss. (DN 14). The United States has now filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (DN 22). Plaintiffs filed a response to the United States' motion. (DN 31). For the reasons stated herein, the United States' motion for summary judgment (DN 22) will be granted.

## BACKGROUND

Plaintiffs filed a pro se complaint with this court, which they subsequently amended. (DNs 1, 13). As this court has previously noted (DN 14), the allegations in Plaintiffs' complaint are somewhat difficult to discern. Plaintiffs state that the Internal Revenue Service ("IRS") claims that they owe more than $100,000 in taxes. Supposedly, the IRS issued notices of tax levies to Plaintiffs. On January 11, 2006, Plaintiffs had a "Collection Due Process hearing" via telephone with Linda Pannell, an IRS Settlement Officer. Plaintiffs describe the hearing as "unfruitful." On July 15, 2006, the IRS sent a notice of levy to Plaintiff William Hunter's employer, the University of Louisville ("UofL"), alleging that he owed a "1040A tax" for tax

years 2001 and 2002 in the amount of $41,250.45. UofL began garnishing his wages. On November 17, 2008, the IRS sent another notice of levy to UofL alleging that Plaintiffs owed a "1040 tax" for tax year 2005 in the amount of $60,286.37. Both notices of levy informed UofL that Plaintiffs owed money to the IRS and directed UofL to turn over Plaintiffs' income to the IRS to satisfy the levy. UofL accordingly garnished Plaintiff Rhonda Hunter's, as well as Plaintiff William Hunter's, earnings. On February 28, 2011, Plaintiffs allegedly "filed a claim with the District Director, Internal Revenue Service, demanding a certificate of release of levy and requesting refund of all wrongfully levied earnings." (DN 1, at p. 3).

Plaintiffs then brought this action claiming that the levies were "unauthorized, wrongful and unenforceable." In the initial complaint, Plaintiffs identified 26 U.S.C. §§ 7426 and 7433 and the Fourth and Fifth Amendments to the Constitution as the source of their claims. The amended complaint added a claim under 26 U.S.C. § 7422. Plaintiffs' complaint is otherwise divided into sections that mostly consist of legal citations and quotations. Those sections are entitled Jurisdiction, Liability, Assessment, Notice and Demand, Levy Form 668-B, Lien Foreclosure Suit, and Notice of Seizure. As far as the court can tell, Plaintiffs argue that the following reasons precluded the United States from issuing the levies: the United States was without jurisdiction to issue the levies because it could only do so pursuant to "admiralty jurisdiction," to which Plaintiffs were not subject; Plaintiffs are not liable for the taxes in the levies (although the underlying reason why is not explained); Plaintiffs issued Freedom of Information Act requests for various documents that Plaintiffs believe were required for the IRS to impose levies or assess taxes—namely, signed assessments for certain tax years, copies of notices and demands for payment, Levy Form 668-B, and notices of seizure—but the requests

did not turn up such documents; and there was no court order authorizing UofL to garnish Plaintiffs' wages for the IRS.

The United States moved to dismiss Plaintiffs' claims (DN 11), which this court granted in part and denied in part (DN 14). We dismissed the following claims: (1) Plaintiffs' claims arising under 26 U.S.C. § 7426; and (2) Plaintiffs' claims arising under 26 U.S.C. § 7433 that fell under the sections of the Complaint entitled Jurisdiction, Liability, Assessment, Levy Form 668-B, and Lien Foreclosure Suit. We allowed the following claims to proceed: (1) Plaintiffs' claims arising under 26 U.S.C. § 7433 that fell under the sections of the Complaint entitled Notice and Demand and Notice of Seizure; (2) Plaintiffs' claims arising under the Fourth and Fifth Amendments to the Constitution; and (3) Plaintiffs' claims arising under 26 U.S.C. § 7422. The United States has filed a motion for summary judgment as to each of Plaintiffs' remaining claims (DN 22), to which Plaintiffs have responded (DN 31).

## STANDARD

Summary judgment is appropriate where no genuine issue of material fact exists, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party initially bears the burden of demonstrating that an essential element of the nonmoving party's case is lacking. *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999). The nonmoving party may respond by showing that a genuine issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. The disputed issue need not be resolved conclusively in favor of the nonmoving party, but that party must present sufficient probative evidence which makes it necessary to resolve the parties' differing versions of the

dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–289 (1968).
Finally, the evidence must be construed in the light most favorable to the nonmoving party.
*Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

## DISCUSSION

### A. The 26 U.S.C. § 7433 Claims[1]

Plaintiffs assert two claims arising under 26 U.S.C. § 7433. Section 7433 provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

A plaintiff bringing a claim under this section must identify the specific statutory provisions or regulation that an IRS officer or employee violated. *See Snyder v. Commissioner*, 1998 WL 796768, at *2 (D. D.C. Oct. 6, 1998).

#### 1. Notice and Demand

Plaintiffs cite to 26 U.S.C. § 6303 to support their civil claim for damages against the United States. Section 6303(a) states:

> [T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax . . . , give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.

Plaintiffs contend that they never received notice and demand for payment of their unpaid taxes.
In our prior order, we found that "the allegation that the plaintiffs had not seen evidence of a

---

[1] As an initial matter, Plaintiffs allege that they "have no income in this instant case as they have simply traded their labor for earnings." (DN 31, at p. 13). Further, they contend that even if they did have income, "it would not be taxable because any tax on the profits from a business . . . [or] on the labor of the plaintiffs would . . . be an unapportioned direct tax." (DN 31, at p. 13). Plaintiffs fail to grasp the meaning of "income." The Internal Revenue Code defines "taxable income" as "gross income minus" deductions. 26 U.S.C. § 63. "Gross income" is defined as "all income from whatever source derived, including . . . compensation for services[.]" *Id.* § 61. Plaintiffs admit that they "traded their labor for earnings." This constitutes "compensation for services," which is taxable income under the Internal Revenue Code.

notice and demand for payment allows for the inference that the notice and demand was not provided, whether intentionally or negligently." (DN 14, at p. 6).

In its motion for summary judgment, the United States introduces IRS records to show that it complied with § 6303's notice and demand requirement. It submits with its motion the supporting affidavit of Jennifer Hill ("Hill"), a revenue officer advisor who has reviewed information relevant to Plaintiffs' case. (DN 22-1, at ¶ 1–3). Plaintiffs contend that the court should disregard Hill's affidavit because it "is hearsay and her evidence is fraudulent." (DN 31, at p. 2). Plaintiffs note that Hill did not personally send the notices and the notices were unsigned. However, the personal knowledge required for a Fed. R. Civ. P. 56(c)(4) supporting affidavit may come from a review of files and records, such as those maintained in an IRS database. *See U.S. v. Rogers*, 558 F. Supp. 2d 774, 777–78 (N.D. Ohio 2008) (finding that "IRS representatives are allowed to rely on official IRS records to show the occurrence of events recorded therein," and these records can satisfy the "personal knowledge" requirement of Rule 56(c)(4)); *see also U.S. v. Griffin*, 191 F.3d 453, 1999 WL 775912, at *2 (6th Cir. Sept. 24, 1999) ("Official IRS documents, including those generated by computer, are admissible as public records."). Accordingly, we reject Plaintiffs' arguments because Hill's affidavit complies with the personal knowledge requirement of Rule 56(c)(4).

In her affidavit, Hill states that she has reviewed forms that "reflect[] account information for a given tax year," in addition to information that the IRS maintains in its Integrated Data Retrieval System ("IDRS"). (DN 22-1, at ¶3). According to Hill, the IRS uses the IDRS "to maintain taxpayer accounts, including the history of an account . . . , assessment dates, notice issuance . . . , and the last known address of a taxpayer." (DN 22-1, at ¶ 3). Hill further explains

that "IRS personnel rely on the information provided on IDRS to determine if certain notices were mailed to taxpayers." (DN 22-1, at ¶ 3).

The United States has introduced (as exhibits to Hill's affidavit) copies of notices of deficiency addressed to Plaintiffs for the three tax years in question: 2001, 2002, and 2005. (DNs 22-4, 22-5, 22-7). The United States Tax Court has recognized that a notice of deficiency is sufficient to satisfy § 6303's notice and demand requirements. *Craig v. Commissioner*, 119 T.C. 252, 263 (2002). Thus, these three notices sent to Plaintiffs will satisfy the § 6303 requirements if they were sent to Plaintiffs' last known address within 60 days of the IRS's assessment. As proof that the IRS complied with these requirements, Hill introduces IDRS transcripts (entitled "TXMODA") that list the dates on which the notices were filed. (DNs 22-8, 22-9, 22-10). The transcripts indicate that for the years 2001, 2002, and 2005, the IRS sent notices of deficiency to Plaintiffs within 60 days of the assessment. Plaintiffs have not put forth evidence to show that the IRS transcripts are inaccurate or that the notices were not sent on the dates listed in the transcripts.

In addition, the notices were sent to Plaintiffs' last known address, as listed in the IDRS. As Hill notes, Plaintiffs have used the address listed in IDRS since at least 2001, and current documents on file with this court indicate that they still list it as their current address. Moreover, Hill states that "[p]ursuant to the Service's internal policies and procedures, any notice, including . . . notice of intent to levy, [is] sent to the taxpayer's last known address. Therefore, the notices and demand for payment for 2001, 2002, and 2005 . . . would have been mailed to the taxpayers' address" as listed on the IDRS database. (DN 22-1, at ¶ 16). Thus, the United States has introduced evidence to support the inference that letters of notice and demand were sent to

-6-

Plaintiffs' address and Plaintiffs have not alleged sufficient facts to state a plausible claim that the notices and demands were not sent to them.[2]

### 2. Notice of Seizure

Plaintiffs allege that the United States failed to provide them with notice of the seizure of their wages in violation of 26 U.S.C. § 6335(a).[3] Section 6335(a) requires that "[a]s soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property . . . or shall be left at his usual place of abode or business[.]" We previously declined to dismiss this claim because the United States "put forth no contention that the plaintiffs were not entitled to a notice of seizure once their wages were levied." (DN 14, at p. 7).

In its motion for summary judgment, the United States asserts that Plaintiffs are improperly seeking relief under § 6335(a). Section 6335(a) deals with seizures of tangible property, but wages are intangible property that is levied, rather than seized. *See* 26 C.F.R. § 301.6331-1(a)(1) ("Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including . . . salaries, wages, commissions, or other compensation."); *U.S. v. Donahue Indus., Inc.*, 905 F.2d 1325, 1329 (9th Cir. 1990) ("The government cannot physically seize intangible property. The regulations, therefore, clearly provide for levy by proper service of notice."). However, pursuant to 26 U.S.C. § 6331(d)(2), the IRS is required to send a taxpayer notice of intent to levy 30 days

---

[2] Section 6303 only requires that notices be *sent* within 60 days of the assessment; there is no requirement that taxpayers actually *receive* the notice. Plaintiffs may successfully maintain that they did not receive the notices, but they have not produced evidence to contradict the United States' contention that the notices were timely sent.
[3] Plaintiffs also allege that "an IRS summons has no force" unless it is backed by a court order, and "[t]hus an IRS 'Notice of Levy' has no force unless a court order exists to enforce it." (DN 31, at p. 9). Plaintiffs confuse the term "summons" with "levy." *See* 26 U.S.C. § 7602. The United States has issued a notice of levy, but it has not issued a summons to Plaintiffs or to UofL.

prior to issuing the levy at the taxpayer's last known address. Thus, we must address whether the United States complied with the notice requirements of § 6331(d)(2).[4]

The United States uses Hill's affidavit to show that Plaintiffs timely received the notice required by § 6331(d)(2). In her affidavit, Hill points to IRS records which indicate that Plaintiff William Hunter received notices of intent to levy for tax years 2001 and 2002, and Plaintiffs collectively received a notice of intent to levy for tax year 2005. (DN 22-1, ¶ 11–15; DN 22-11). Each notice was sent to Plaintiffs' last known address, which we determined *supra* Section A(2) is the address at which Plaintiffs have resided since at least 2001.

The United States has produced a copy of the notice of levy for tax year 2001 (DN 22-11) and IDRS transcripts which indicate that the notices were properly and timely sent for tax years 2001, 2002, and 2005. (DNs 22-8, 22-9, 22-10). The United States has not, however, provided copies of the notices of levy for tax years 2002 and 2005. One court has held that the IRS's failure to provide a copy of a notice of levy "would suggest that such notice was not sent" and the question of "[w]hether the IRS, in fact, sent such a notice is a question for the fact-finder" that could not be resolved on a motion for summary judgment. *See Gonsalves v. U.S.*, 782 F. Supp. 164, 172 (D. Me. 1992). The case at bar is distinguishable, and we can resolve this issue on a motion for summary judgment through application of the presumption of administrative regularity.[5] A presumption generally attaches to actions by IRS officers so that "it is presumed,

---

[4] Plaintiffs also contend that § 6331 only applies to the levy of wages of federal employees, and "as [Plaintiffs] are not employees as defined" by the Internal Revenue Code, they are entitled to due process before their wages can be garnished. This assertion is incorrect. Pursuant to 26 U.S.C. § 6321, the IRS may place "a lien for unpaid taxes in favor of the United States upon all property and rights to the property of the taxpayer." *Shanbaum v. U.S.*, 32 F.3d 180, 183 (5th Cir. 1994). "Under section 6331, the IRS is authorized to levy upon all property and rights to property belonging to the taxpayer in order to collect his assessed income tax liabilities." *Id.* The IRS can invoke § 6331 to levy the wages of private sector employees. *See U.S. v. MPM Fin. Grp., Inc.*, 215 F. App'x 476 (6th Cir. 2007) (authorizing the IRS to levy the wages of a taxpayer employed by an insurance agency).

[5] For a description of the presumption, see *U.S. v. Ahrens*, 530 F.2d 781, 786 (8th Cir. 1976) ("[I]t would be unreasonable to presume that the IRS employee who drafted the statutory notice failed to perform the ministerial function of properly recording the assessed amount and the taxable year involved.").

whenever an official has acted, that whatever is required to give validity to the official's act in fact exists." *Id.* at 172 n.17 (citing *Borg–Warner Corp. v. Commissioner*, 660 F.2d 324, 330 (7th Cir.1981)). The Sixth Circuit has held:

> The government enjoys a presumption of administrative regularity with respect to the acts of its officials. In order for taxpayers to overcome this presumption, they must come forward with evidence tending to show that the IRS did not follow a mandated procedure. Then the burden then shifts to the government to prove that its assessment and collection procedures were properly followed.

*Coplin v. U.S.*, 952 F.2d 403 (6th Cir. 1991) (citation omitted).

Plaintiffs have not introduced evidence that tends to show that the IRS did not follow the procedures required by § 6331(d)(2). Though the United States has not provided copies of the notices of levy for tax years 2002 and 2005, the absence of such notices does not outweigh the presumption of administrative regularity. Because Plaintiffs failed to overcome the presumption, we will dismiss by separate order their Notice of Seizure claim.

**B. The Constitutional Claims**

Plaintiffs also appear to bring constitutional claims against the United States pursuant to the Fourth and Fifth Amendments. We previously denied the United States' motion to dismiss these constitutional claims because "the United States chose not to advance any particularized arguments concerning those claims in its motion to dismiss." (DN 14, at p. 8–9).

    **1. Fourth Amendment**

Plaintiffs seem to contend that the United States' levy constituted an unreasonable seizure of their property in violation of the Fourth Amendment. Plaintiffs base this claim on the IRS's issuance of a notice of levy to UofL, requesting that UofL garnish Plaintiffs' wages to satisfy their tax delinquencies.

Fourth Amendment protections apply to tax collections by the IRS only when the property sought by levy cannot be obtained without intruding on privacy rights. *See G.M. Leasing Corp. v. U.S.*, 429 U.S. 338, 351–52 (1977); *Maisano v. Welcher*, 940 F.2d 499, 502–03 (9th Cir. 1991) ("In applying the Fourth Amendment to IRS seizures of taxpayers' property, the Supreme Court indicates that the key issue is whether the seizure involves an invasion of privacy."). The Sixth Circuit has recognized that "when the government seizes property to collect delinquent taxes, there is no violation of the Fourth Amendment if the seizure is not an invasion of the taxpayer's personal effects or premises." *Sachs v. U.S.*, 59 F. App'x 116, 119 (6th Cir. 2003) (citing *Maraziti v. First Interstate Bank of Cal.*, 953 F.2d 520, 524 (9th Cir. 1992)). Further, the IRS has the authority to issue notices of levy without a warrant. *See* 26 U.S.C. § 6331; *Nelson v. Silverman*, 888 F. Supp. 1041, 1046 (S.D. Cal. 1995) ("Fourth Amendment case law states that a warrant is not required for the seizure of property in satisfaction of a tax claim by the Internal Revenue Service.").

In the case at bar, Plaintiffs have not introduced facts to show that the IRS's issuance of levies on Plaintiffs' employer constitutes an "invasion" of Plaintiffs' personal effects or premises. Moreover, Plaintiffs are incorrect in their assertion that the IRS was required to obtain a warrant before issuing a notice of levy on UofL. Thus, we will dismiss by separate order Plaintiffs' claims arising under the Fourth Amendment.

### 2. Fifth Amendment

Plaintiffs also bring a claim under the Fifth Amendment. The Fifth Amendment states that a person shall not be "deprived of life, liberty, or property, without due process of law . . . ." Although the exact nature of their claim is not clear from the complaint, Plaintiffs appear to

allege that the IRS's levy and tax collection procedures constituted a "taking" of their property without due process of law.

The Internal Revenue Code explicitly permits the IRS to utilize levy and collection procedures. *See* 26 U.S.C. § 6331. We determined *supra*, Section A(2), that the IRS issued the appropriate notice of levy to Plaintiffs before it sent notices of levy to UofL. Thus, the levy and tax collection procedures did not deny Plaintiffs of due process of law. In addition, the Internal Revenue Code protects taxpayers' due process rights by providing them with two methods of contesting tax assessments. Taxpayers contesting tax assessments can: (1) pay the full amount of taxes due and then sue for a refund in a federal district court or the United States Court of Federal Claims (the "refund method"); or (2) elect not to pay the full amount of taxes due and petition the United States Tax Court for a refund (the "deficiency method"). 26 U.S.C. § 7422(e); 28 U.S.C. § 1346(a); 26 U.S.C. § 6213(a). Plaintiffs have failed to avail themselves of either procedure, as they have not paid their tax assessment in full prior to filing this action in district court. *See Flora v. U.S.*, 362 U.S. 145, 175 (1960) (noting that "the Government has a substantial interest in protecting the public purse, an interest which would be substantially impaired if a taxpayer could sue in a District Court without paying his tax in full"). Therefore, we will dismiss by separate order Plaintiffs' claims arising under the Fifth Amendment.

**C. The 26 U.S.C. § 7422 Claims**

In their amended complaint (DN 13), Plaintiffs add a claim pursuant to 26 U.S.C. § 7422. Although the language of the amended complaint is unclear, Plaintiffs allege that they are entitled to a refund because the United States engaged in an "unlawful levy against the earnings of the plaintiffs for collection of fictitious taxes for which the plaintiffs cannot be liable." (DN 13, at ¶ 1).

Section 7422 sets out the method by which a taxpayer can maintain a civil action for a tax refund. Pursuant to § 7422(a),

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*Id.* § 7422(a) (emphasis added). An individual seeking a refund under this section must file a Form 1040X or Form 843 and "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise" the IRS of the basis of the claimed refund. Treas. Reg. § 301.6402-3(a)(2); Treas. Reg. § 301.6402-2(b)(1), (c). If a claim does not comply with these requirements, it "will not be considered for any purpose as a claim for refund or credit." *Id.* § 301.6402-2(b)(1).

Although Plaintiffs attempted to invoke 26 U.S.C. § 7422 in their amended complaint, the United States has demonstrated that Plaintiffs have not provided proof that they filed the requisite Forms 1040X or 843. "Filing a proper administrative claim with the IRS is a prerequisite to a taxpayer's suit for a refund," *Brown v. U.S.*, 890 F.2d 1329, 1346 (5th Cir. 1989), and Plaintiffs' failure to file such a refund suit bars their claim under § 7422.

## CONCLUSION

For the foregoing reasons, the court will grant the United States' motion for summary judgment (DN 22). A separate order will be entered in accordance with this opinion.

November 4, 2013

cc: Plaintiffs, pro se
    Counsel of Record

**Charles R. Simpson III, Senior Judge**
**United States District Court**